IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR - 3 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-02480-ZLW

OMAR MOHAMMED REZAQ,

    Applicant,

v.

HARLEY J. LAPPIN,

    Respondent.

---

ORDER DENYING MOTION TO RECONSIDER

---

Applicant Omar Mohammed Rezaq filed *pro se* on February 10, 2006, a motion titled "Motion to Alert or Amend Judgment and/or for Relief From Judgment Under Rule 59(e) and/or 60(b)(1)(6)." Mr. Rezaq asks the Court to reconsider and vacate the Court's Order and Judgment of Dismissal entered and filed in this action on January 27, 2006. The Court must construe the motion to reconsider liberally because Mr. Rezaq is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Rezaq filed the motion to reconsider within ten days after the

Order and Judgment of Dismissal. *See* Fed. R. Civ. P. 6(a) (time periods of less than eleven days exclude intervening Saturdays, Sundays, and legal holidays). Therefore, the Court will consider the motion to reconsider as filed pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243.

The Court dismissed the instant action without prejudice because Mr. Rezaq failed to submit a certified copy of his trust fund account statement for the six-month period immediately proceeding this filing. The account statement he submitted on January 12, 2006, was not certified by the appropriate prison official. The January 27, 2006, dismissal order discusses in detail the reasons for the dismissal.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Rezaq fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988). Mr. Rezaq does not allege the existence of any new law or evidence and he fails to convince the Court of the need to correct clear error or prevent manifest injustice. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the motion titled "Motion to Alert or Amend Judgment and/or for Relief From Judgment Under Rule 59(e) and/or 60(b)(1)(6)" that Applicant Omar Mohammed Rezaq filed *pro se* on February 10, 2006, and which the Court has

construed liberally as filed pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this __1__ day of ____March____, 2006.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02480-BNB

Omar Mohammed Rezaq
Reg. No. 20267-016
ADX – Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3/3/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk